IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MIHAELA DRASOVEAN                    :

                                       :

      v.                          :  Civil Action No. DKC 11-1288

                                         :

EATON CORPORATION                    :

                                         :

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for review in this employment discrimination case is the motion for an extension of time to file expert designations filed by Plaintiff Mihaela Drasovean (ECF No. 44).

Plaintiff filed suit against Defendant Eaton Corporation ("Eaton") on March 29, 2011, in the Circuit Court for Prince George's County, Maryland. After removal to this court (ECF No. 1), Eaton answered on May 16, 2011 (ECF No. 7). A scheduling order was entered the following day, which established, among other things: (1) a July 18, 2011 deadline for Plaintiff to designate expert witnesses pursuant to Fed.R.Civ.P. 26(a)(2); and (2) a September 29, 2011 deadline for the close of discovery. (ECF No. 9, at 2). Upon consent of the parties, the deadline for discovery was later extended, first to October 31, 2011, then to December 30, 2011, and finally to January 17, 2012. (ECF Nos. 16, 24, 28).

On February 28, 2012 — after the close of discovery — Plaintiff's attorney filed a motion to withdraw as counsel. (ECF No. 32).  That motion was granted the same day, and Plaintiff was advised that the case would proceed with her acting as her own attorney.  (ECF No. 33).  Plaintiff's subsequent request for "a 90 (ninety) day period to allow [her] to identify another attorney" (ECF No. 34) was granted, and the dispositive motions deadline was re-set for June 1, 2012.  (ECF No. 37).

On May 30, 2012, Plaintiff's new counsel, Bruce Bender, entered his appearance.  (ECF No. 38).  The parties' joint request to extend the dispositive motions deadline to August 1, 2012 was granted the next day.  (ECF No. 40).  On August 1, 2012, Eaton filed a motion for summary judgment.  (ECF No. 41).  Two months later, on October 1, Plaintiff filed the instant motion, seeking belatedly to designate two experts "solely on the issue of damages" and to re-open expert discovery until March 31, 2013.  (ECF NO. 44 ¶¶ 3, 8).  Defendant opposes these requests.  (ECF No. 45).

Fed.R.Civ.P. 16(b) governs the modification of a scheduling order.  District courts have broad discretion to manage the timing of discovery.  *Ardrey v. United Parcel Service*, 798 F.2d 679, 682 (4th Cir. 1986), *cert. denied*, 480 U.S. 934 (1987).  The only formal limitation on this discretion is that a party

seeking modification must demonstrate good cause. Fed.R.Civ.P. 16(b)(4). "Good cause" is established when the moving party shows that she cannot meet the deadlines in the scheduling order despite diligent efforts. *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D.Md. 1999) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C. 1997), *aff'd by unpublished opinion*, 129 F.3d 116 (Table), 1997 WL 702267 (4th Cir. 1997)). Indeed, although other factors may be considered (*e.g.*, the length of the delay and whether the non-moving party could be prejudiced by the delay), *Tawwaab v. Va. Linen Serv., Inc.*, 729 F.Supp.2d 757, 768–69 (D.Md. 2010), "the primary consideration . . . in [determin]ing whether 'good cause' has been shown under Rule 16(b) relates to the movant's diligence," *Reyazuddin v. Montgomery Cnty., Md.*, No. DKC 11-0951, 2012 WL 642838, at *3 (D.Md. Feb. 27, 2012). Lack of diligence and carelessness are the "hallmarks of failure to meet the good cause standard." *W. Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001). "If [the moving] party was not diligent, the inquiry should end." *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W.Va. 1995).

Plaintiff argues that modification of the scheduling order is warranted here because she "recently" hired new counsel in June 2012, who "became aware that the prior counsel failed to

designate experts on the issue of damages." (ECF No. 44 ¶ 2). Plaintiff further contends that allowing her belatedly to name experts will not prejudice Defendant because there will be "ample opportunity to depose" the witnesses after a decision on Eaton's summary judgment motion is issued. (*Id.* ¶ 6).

Defendant, in turn, contends that the retention of new counsel does not warrant modification of the scheduling order because Plaintiff was previously represented by competent counsel. (ECF No. 45, at 2). Defendant points out that it has already consented to numerous extensions in this "drawn-out matter" to accommodate Plaintiff's changes in representation. (*Id.* at 2-3). Defendant further argues that granting Plaintiff's request would be highly prejudicial, as it would "significantly delay the trial of this matter by at least another six to eight months" and "would hinder the way in which Eaton is able to respond to any expert designations" given that the deadline for discovery has long since passed. (*Id.* at 3-4). In Defendant's view, simply re-opening discovery so that Eaton could depose any belatedly named experts would not cure such prejudice. (*Id.*).

Based on these arguments, Plaintiff fails to establish good cause for modifying the scheduling order. Most critically, Plaintiff has not demonstrated that she exercised diligence in attempting to meet the original deadline for her Rule 26(a)(2)

disclosures.    All  she  offers  by  way  of  explanation  is  the
purported  negligence  of  her  prior  attorney  and  the  time  it  took
for  her  to  retain  new  counsel.    It  is  well-established,  however,
that  a  party  "is  not  entitled  to  modification  of  the  scheduling
order  because  she  is  []  dissatisfied  with  the  actions  of  her
former  counsel."  *Dent  v.  Montgomery  Cnty.  Police  Dep't*,  No.  DKC
08-0886,  2011  WL  232034,  at  *2  (D.Md.  Jan.  24,  2011);  *see  also*
*Sall  v.  Bounassissi*,  No.  DKC  10-2245,  2011  WL  2791254,  at  *3
(D.Md.  July  13,  2011)  ("[T]he  ordinary  rule  is  that  simple
carelessness,  inadvertence,  or  attorney  error  does  not  amount  to
good  cause  justifying  a  modification  of  the  scheduling  order.").[1]
Similarly,  "[t]he  entry  of  new  counsel  [does  not],  standing
alone,  justify  a  finding  of  good  cause."    *Id.*    What  is  more,
even  though  Mr.  Bender  was  retained  by  Plaintiff  in  May  2012,  he
waited  nearly  five  months  to  file  this  motion  attempting  to
rectify  his  predecessor's  purported  mistake.    This  delay  can
hardly  be  characterized  as  a  diligent  effort  to  meet  the
deadline  for  Plaintiff's  expert  disclosures,  which  passed  more
than  fifteen  months  ago.

---

[1] It  is  true  that  an  attorney's  complete  abandonment  of  a
client  "presents  a  different  situation  than  a  mere  mistake  or  a
strategic  misjudgment"  and  may  constitute  "good  cause"  in
"exceptional  circumstances."    *Sall*,  2011  WL  2791254,  at  *3.
Plaintiff  offers  no  argument  that  her  situation  presents  such
extraordinary  circumstances.

Although the good cause inquiry can end here, it is also worth noting that allowing belated expert witness designations would prejudice Defendant.   At this stage in the litigation, when discovery has been closed for over nine months, it would be unfair to force Defendant to participate in additional discovery.

Accordingly, it is this 5th day of November, 2012, by the United States District Court for the District of Maryland, ORDERED that:

1.   Plaintiff's motion for an extension of time to file expert designations (ECF No. 44) BE, and the same hereby IS, DENIED; and

2.   The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties.


                                        /s/
                              _____
                              DEBORAH K. CHASANOW
                              United States District Judge